IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERRANCE HARRIS, on behalf of himself
and others similarly situated,                                              PLAINTIFF

VS.                              NO. 4:25-cv-00268-DPM

EXTO, INC. d/b/a ATLAS                                                      DEFENDANT

## EXTO INC. D/B/A ATLAS' MOTION TO STAY AND COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS UNDER RULE 12(b)(6)

Defendant Exto Inc. d/b/a Atlas ("Atlas"), through counsel, for its motion to stay and compel arbitration or, in the alternative, to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6), states:

1. Atlas respectfully seeks an order staying this case and requiring Derrance Larvle Harris ("Plaintiff") to arbitrate his claims pursuant to the arbitration provision (the "Arbitration Agreement") in Atlas' Terms of Service, which he explicitly agreed to on August 10, 2024.

2. The Arbitration Agreement broadly encompasses any claim, dispute or controversy relating to the Terms or *any advertising*. The Arbitration Agreement also provides that all issues are for the arbitrator to decide, including issues relating to its scope and enforceability, and the arbitrability of any particular claim under it.

3. While the Arbitration Agreement makes clear that its scope is to be decided by the arbitrator, Plaintiff's Telephone Consumer Protection Act ("TCPA") claims against Atlas are plainly within the Arbitration Agreement's broad scope.

4. By the express terms of the Arbitration Agreement, this controversy must be resolved in arbitration rather than in court.

5. Thus, Atlas respectfully requests that the Court enter an order directing Plaintiff to arbitrate his claims on an individual basis pursuant to the terms of the Arbitration Agreement and staying this action until arbitration is complete.

6. In the alternative, Plaintiff's TCPA claims should be dismissed because Subsection 227(c)(5) provides a private right of action only for certain types of sales calls, not text messages.

7. This motion is supported by Exhibit 1, Declaration of Noah Abram Payton, Head of Compliance for Atlas.

8. Pursuant to Local Rule 7.2(a), Atlas is submitting a memorandum brief in support of this motion, which is incorporated herein by reference.

WHEREFORE, defendant Exto Inc. d/b/a Atlas prays that the Court grant its motion to compel arbitration and to stay the case until arbitration is complete, or in the alternative, dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and to grant all other relief to which Atlas is entitled.

Respectfully submitted,

Rodney P. Moore (96134)
P. Collins Hickman Jr. (2020189)
*Attorneys for Defendant, Exto Inc. d/b/a Atlas*
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Telephone: (501) 371-0808
E-mail: rpmoore@wlj.com;
chickman@wlj.com