IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERRANCE HARRIS, on behalf of
himself and others similarly situated                           PLAINTIFF

v.                          No. 4:25-cv-268-DPM

EXTO, INC., d/b/a Atlas                                         DEFENDANT

## ORDER

Derrance Harris has sued Exto, Inc., alleging that he received telemarketing texts from the credit card company—despite his phone number being on the National Do Not Call Registry. Exto moves to compel arbitration or dismiss for lack of a private cause of action.

Exto offers lots of evidence that the "Larvle Harris" who visited the company's website, and agreed to receive texts, was the plaintiff, Derrance Harris. For example, his bankruptcy filings use the names Derrance Larvle Harris and Larvle Harris. And he has used the email address entered on the Exto site. He responds, though, with an affidavit saying that it wasn't him. Among other things, he says he uses an iPhone, not an Android, and not a TCL T607DL phone in particular. The Android operating system was used by the device that interacted with Exto's website. The user came to that website in August 2024 through Instagram. But Harris also says his Instagram account is inactive, inaccessible, and he hasn't used it in years.

In these circumstances, the Court must address the dispute as if Exto had moved for summary judgment on whether the parties agreed to arbitrate any dispute. *Duncan v. International Markets Live, Inc.*, 20 F.4th 400, 403 (8th Cir. 2021). The Court must consider the record in the light most favorable to Harris. Exto has the burden of proof. *Ibid.* At this point, the Court can't say that Exto is entitled to prevail as a matter of law. There's a genuine dispute about whether Harris is the one who agreed to arbitrate "all disputes or claims" arising out of the parties' relationship and who waived class action rights. *Doc. 81 at 43*.

Exto's fall back is that no private right of action exists under the Telephone Consumer Protection Act. That legal issue is tangled. And it may be for the arbitrator, if the parties agreed to Exto's comprehensive arbitration clause. The Court therefore declines to enter this thicket at this point.

Exto's motion, *Doc. 8*, is denied without prejudice. The Court will allow a few months of discovery on the agreement issue. Then the Court will receive another motion to see whether the case should stay here for full adjudication.

Initial Scheduling Order waived. Initial disclosures due by 7 November 2025. All discovery on the agreement issue must be completed by 7 February 2026. Renewed motion to compel arbitration on a more-complete record due by 7 March 2026. A Final Scheduling Order with a relatively quick trial date—limited to the agreement issue,

in case we need a jury trial on this threshold matter—will issue. *Duncan, supra.*

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

1 October 2025